

FILED
SUPERIOR COURT
OF GUAM

2021 AUG 18 PM 9: 08

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JENNILYN C. FLORES, | CHILD SUPORT CASE NO. CS0351-16 |
| vs. | |
| JACOB V. SALAS, | **DECISION AND ORDER** |
| Defendant. | *Re: Objection to Recommended Findings and Order* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on June 1, 2021 for a hearing on the Government's Objection to Administrative Hearing Officer Bridget Ann Keith's Recommended Findings and Order. Assistant Attorney General Rebeca Copper was present at the hearing on behalf of the Attorney General of Guam Child Support Enforcement Division ("Government"). Having reviewed the objection and applicable law, the Court issues the following Decision and Order reversing and remanding this matter for disposition not inconsistent with this opinion.

## BACKGROUND

Plaintiff Jennilyn C. Flores ("Plaintiff") and Defendant Jacob V. Salas ("Defendant") share three children together. *See* Stipulated Findings and Order (Apr. 4, 2017). A Complaint for Child Support between the parties was filed by the Attorney General of Guam Child Support Enforcement Division (CSED) on December 28, 2016. A Stipulated Findings and Order regarding child support arrears was issued by the Court on March 28, 2017. Pursuant to this

order, Defendant was required to pay $254.60 per month beginning March 1, 2017 and $2.00 per month, in addition to his regular child support, for his arrears of $53.68.

CSED filed a Motion to Suspend Child Support Order on June 21, 2019. However, this was returned to CSED for refiling with the required CVR 7.1 Form 1 so the Court could set a hearing date. Over one year later, CSED correctly filed the second Motion to Suspend Child Support Order along with the CVR 7.1 Form 1 on July 23, 2020. The Court signed the Order to Suspend Child Support on October 8, 2020, and child support was suspended as of June 1, 2020. On December 11, 2020, the Court signed an amended order suspending child support as of June 1, 2018.

On April 12, 2021, the Hearing Officer filed its Recommended Findings and Order. The Government filed its Objection to Recommended Findings and Order on April 21, 2021. The Court held a hearing on the objection on June 1, 2021, after which this matter was taken under advisement.

## DISCUSSION

The Government objects to the Recommended Findings and Order for three main reasons: (1) CSED contends that federal law prevents it from disclosing the Defendant's tax return information to prove it acted in conformance with 5 G.C.A. § 34125; (2) CSED argues it could not have ceased collection of child support in violation of a court order; and (3) CSED argues that ordering payment of any amount owed to the Defendant is premature before an accurate accounting is completed. Each argument will be discussed in turn.

**I.     CSED may not be ordered to disclose Defendant's tax return information to the extent that it violates applicable provisions of the Internal Revenue Code.**

A taxpayer has the right of confidentiality regarding income tax information, but may waive that right by designating persons to receive such information under 26 U.S.C. § 6103(c). Such information may be disclosed to those "the taxpayer may designate in a request for or

consent to such disclosure or to any other person at the taxpayer's request." *Id.* Section 6103(l)(6) specifically discusses the authority to release tax information to a government child support agency. Child support agencies are bound by strict standards for nondisclosure. This is evidenced by Internal Revenue Service Publication 1075, Tax Information Security Guidelines for Federal, State and Local Agencies, Section 5.5,[1] which states the following:

> In general, no officer or employee of any state or local child support enforcement agency can make further disclosures of FTI (Federal Tax Information). However, limited information may be disclosed to agents or contractors of the agency for the purpose of, and to the extent necessary in, establishing and collecting child support obligations from and locating individuals owing such obligations. The information that may be disclosed for this purpose to an agent or a contractor is limited to: [t]he address; Social Security Number of an individual with respect to whom child support obligations are sought to be established or enforced; and/or [t]he amount of any reduction under IRC 6402(c) in any overpayment otherwise payable to such individual. **Tax refund offset payment information may not be disclosed by any federal, state, or local child support enforcement agency employee, representative, agent or contractor into any court proceeding. To satisfy the re-disclosure prohibition, submit only payment date and payment amount for all payment sources (not just tax refund offset payments) into court proceedings.**

Here, both parties agree that under Guam law, the Defendant was entitled to notice of a potential tax offset, and had a right to contest the offset under 5 G.C.A. § 34125. However, the Hearing Officer contends that CSED inadequately informed Defendant of the potential for his tax return to be garnished and of his ability to contest that garnishment. Recommended Findings and Order p. 13. Thus, the Recommended Order states that CSED "should provide (1) a full record of compliance with § 34125 [of Chapter 5, Guam Code Annotated] including dates of notice and proof of correspondences, as well as proof that the notification to DRT to offset the tax returns were communicated *after* the taxpayer was given notice that he could cure the delinquency..." *Id.* at 17.

---

[1] This publication is available at www.irs.gov/pub/irs-pdf/p1075.pdf.

CSED contends it does not object to providing the Defendant directly with information regarding the status of his case and account, but cannot provide what may amount to tax return information in a court proceeding. Defendant consented on the record to discussing tax offsets during the hearing held on December 10, 2020. *See* Min. Entry (Dec. 10, 2020); Recommended Findings and Order, p. 5. However, the Government contends that consent to discuss the Defendant's tax offset at a child support hearing does not permit the Government to disclose further information received by CSED directly from a tax agency. Because the Defendant agreed to discuss the tax offset information at the child support hearing, disclosing information received by CSED from a tax agency after such hearing is beyond the scope of the taxpayer's consent. The Court agrees that CSED may not provide any taxpayer information to the extent that it violates applicable provisions of the Internal Revenue Code.

Because the Recommended Findings and Order may require CSED to provide what amounts to tax refund offset payment information in violation of the Internal Revenue Code and Internal Revenue Service Publication 1075, it is improper. Such an order from the Hearing Officer would also impermissibly shift the burden of proof onto the Government. Notwithstanding, Defendant may request for this information directly from CSED.

**II.    CSED could not have ceased collection of child support in violation of a court order, however its failure to timely refile the Motion to Suspend Child Support suggests negligence.**

The Government next contends that CSED had no authority to advise Mr. Salas to disregard the Order of March 2017, or to declare that it would stop collecting child support in violation of a court order. It is undisputed that the Court ordered Defendant to pay $254.60 per month in Child Support on March 28, 2017. CSED learned of the custody change – that Defendant's parents had custody over the children rather than the Plaintiff – in May 2019. Min. Entry (Jan. 15, 2021). CSED then filed the initial Motion to Suspend Child Support on June 21,

2019. After the Court instructed CSED to refile the motion with the required CVR form, CSED failed to do so for over a year. Thus, the second Motion to Suspend Child Support Order was not filed until July 23, 2020. The Court signed the Amended Order suspending Defendant's monthly child support obligation as of June 1, 2018 on December 11, 2020.

The Recommended Findings and Order states CSED should have ceased collection of child support from the Defendant from the time it filed the first Motion to Suspend Child Support in June 2019. *See* Recommended Findings and Order p. 16, l. 11 ("In the meantime, because CSED's attorney had already filed a motion to stop child support, CSED knew or should have known that they should not have collected any further child support from [Defendant]. At that moment that CSED told the court [Plaintiff] did not have custody, CSED should have stopped collecting..."). CSED acknowledges that it may have had the administrative authority to cease distribution of child support payments when it became aware that Plaintiff was no longer in custody of the children, but that it had no authority to advise Defendant to disregard the March 2017 order or to stop collecting child support.

Because CSED correctly asserted it had no authority to advise Defendant to disregard the March 2017 order or to stop collecting child support, the Court agrees that such a finding would be improper. While the Court agrees that CSED had no authority to advise Defendant to disregard the March 2017 Order or stop collecting child support, it was the duty of CSED to timely re-file the Motion to Suspend Child Support. Similarly, the Court should have moved to address this mater quickly, notwithstanding the technical failure of the initial motion to include the CVR form. Actions by both CSED and the Court delayed this matter longer than necessary.

**III.    The recommendation that CSED immediately return $2,977 to Defendant is premature.**

Finally, the Government objects to the payment of $2,977 to the Defendant when an accurate accounting has yet to occur. The Recommended Findings and Order requires CSED to immediately return "the entire $2,977.00 payment taken from [Defendant]." Recommended Findings and Order p. 17. While an accurate accounting has yet to occur, the Government has represented on the record that the amount owed to the Defendant ranges from $2,977.00 to $3,497.20. *Id.*; Min. Entry (Dec. 11, 2020); Min. Entry (Jan. 15, 2021). CSED has also failed to provide an accurate accounting despite the Hearing Officer's requests. Recommended Findings

and Order p. 7. The Court is unable to ascertain the specific amounts that might be due to the Defendant at this time.

The Recommended Findings and Order would require CSED to provide "a Financial Activity Report showing [Defendant's] balance as of the date that his child support obligation terminated (June 2018)" a "record of any payments from any source", and a "record of when and how much CSED released to [Plaintiff]." Recommended Findings and Order p. 17. As of this date, CSED has not satisfactorily provided this information. Because the present record is unclear as to the payment record and amounts owed to the Defendant, the Court agrees that ordering payment of this sum certain would be premature and agrees that CSED should be ordered to provide the requested information within 60 days. If it fails to do so, the Hearing Officer may hold an evidentiary hearing and make findings, to include any amount owed.

## CONCLUSION

For the reasons set forth above, the Court reverses and remands this matter to the Hearing Officer for an order not inconsistent with this opinion.

**IT IS SO ORDERED** ___AUG 1 8 2021___.

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

___A___

Date: _____ Time: _____

**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**